# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ecoNugenics, Inc.

        Plaintiff,               File No. 0:19-cv-00351-ECT-ECW

v.

Bioenergy Life Science, Inc.,
Chengzhi Life Sciences Company, Ltd.,
and
Zhejiang Gold Kropn Biotechnology Co., Ltd,

        Defendants.

RESPONSE TO DEFENDANT'S ERRONEOUS DESIGNATION OF RELATED CASES

Plaintiff ecoNugenics, Inc. responds to the filing on February 19, 2019 by defendant Bioenergy Life Sciences, Inc. ("BLS") of a paper entitled "Notice of Related Cases" (ECF-8) and observes that the paper is in error as a matter of law. One can only conclude that BLS is attempting to circumvent the requirements of the law by relying on events that are, in fact and law, a nullity – the relationship between BLS and ecoNugenics, Inc., before this Court is as if the prior complaint filed and then voluntarily dismissed without prejudice before an answer or motion for summary judgement was ever filed by BLS never existed. There are no "related

1

cases" as the term is used by BLS to this pending Complaint for Patent Infringement.

Related cases are often so identified "if they present common questions of law and fact, or arise from the same source or substantially similar transactions, happenings, events or relationships, or if for any other reason they would entail substantial duplication of labor if assigned to different judges." *Jab Industries, Inc. v. Silex S.P.A.*, 601 F. Supp. 971, 980 (S.D.N.Y. 1985). Where no fact or law is extant to compare with the above-captioned matter, there can be no related case. A complaint dismissed without prejudice pursuant to Federal Rule of Civil Procedures 41(a )(1) presents no facts or legal issues, it is a nullity, as if it never existed.

This Court and the Eighth Circuit have found without question that a case dismissed without prejudice under Rule (41(a)(1) has no continuing existence, cannot further bind the parties or impact subsequently filed cases. *Smith v. Dowden,* 547 F. 3d 940, 943 (8th Cir 1995). *The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) "is to render the proceedings a nullity and leave the parties as if the action had never been brought."* (citing *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir.1977). This is as true of complaints for patent infringement as it is for any other civil cause. See, *Bonneville Associates, Ltd. Partnership v. Barram,* 165 F.3d 1360, 1364 (Fed. Cir.

1999) ("The rule in the federal courts is that "[t]he effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' *Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996).")

Rather than respond to the Complaint brought against it (there was only one complaint - 0:17-cv-05378-JNE-DTS and 0:18-cv-02733-JNE-DTS were merged into the earlier case which had, in error, not been fully dismissed) BLS brought Motions to Dismiss on a variety of arguments, including an argument that the patented subject matter was not eligible for protection and relying on an improbable construction of the wording of the claims before the case was even joined. The BLS attempt to rely on the prior proceedings, which do not legally exist, is a sham for yet another attempt to avoid responding to ecoNugenics' well-plead complaint, the filing of which was compelled to specifically include and address actions taken by defendants Zhejiang Gold Kropn Biotechnology Co., Ltd, (Gold Kropn) and BLS in Nevada in November, 2018 well after the prior filings.

The Complaint in this matter having been served and acknowledged by BLS' counsel on February 15, 2019, ecoNugenics submits that the case should move forward pursuant to rule, as there is no related case or other dispute before this Court between these parties previously – there can be no prior case related to it as a matter of law.

          Respectfully submitted,

          */s/Steven B. Kelber*
          Steven B. Kelber (Pro Hac Vice)
          The Kelber Law Group
          6701 Democracy Blvd.
          Suite 300
          Telephone:  240-506-6702
          steve@kelberlawgroup.com

Taylor D. Sztainer (#0390277)
MOSS & BARNETT
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402
Telephone:  612-877-5381
Facsimile:  612-877-5035
taylor.szainer@lawmoss.com

ATTORNEYS FOR PLAINTIFF
February 20, 2019

  I certify under penalty of perjury that the above document contains 717 words as determined by the word count system provided by Microsoft Word Version 10.

          /s/Steven B Kelber